# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GIPSON,<br><br>        Plaintiff,<br><br>  v.<br><br>R. SCHMIST, et al.,<br><br>        Defendants. | ) 1:12-cv-00343-BAM (PC)<br>)<br>) SCREENING ORDER DISMISSING<br>) COMPLAINT FOR FAILURE TO STATE A<br>) CLAIM AND GRANTING LEAVE TO<br>) AMEND<br>) (ECF No. 1)<br>)<br>) THIRTY-DAY DEADLINE<br>)<br>) |

**First Screening Order**

**I.      Screening Requirement and Standard**

Plaintiff William Gipson ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on March 7, 2012, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.      Plaintiff's Allegations**

Plaintiff is former state prisoner.  The events alleged in his complaint occurred at California Correctional Institution, Tehachapi ("CCI-Tehachapi") and Corcoran State Prison. Plaintiff names the following defendants:  (1) R. Schmist, correctional sergeant at CCI-Tehachapi; (2) Rodriguez, correctional officer at CCI-Tehachapi; (3) Jenkins, correctional officer at CCI-Tehachapi; (4) Kathleen Allison, Warden at Corcoran State Prison; (5) G. De Ochoa, correctional counselor at California Substance Abuse and Treatment Facility at Corcoran State Prison; (6) Jean La Flore, Director of the Substance Abuse Program at Corcoran State Prison; (7) Dr. O Onyeje, doctor at Corcoran State Prison; and (8) Peters, physician assistant at Corcoran State Prison.

Plaintiff alleges that Defendants R. Schmist, Rodriguez and Jenkins at CCI-Tehachapi refused to feed certain meals or meal items to Plaintiff and other inmates on the following dates: June 4, 2010 (tacos); June 6, 2010 (lunch); June 14, 2010 (lunch); June 16, 2010 (dinner broccoli); June 18, 2010 (vegetable meal); June 20, 2010 (lunch); June 30, 2010 (dinner); July 4, 2010 (hot dogs); July 8, 2010 (lunch); and July 20, 2010 (breakfast sausages).

1	Plaintiff further alleges that Defendants Schmist, Rodriguez and Jenkins continually washed inmate dinner trays in the toilet area, where inmates spit, wash their underwear, feet and socks and use a mop.  The sink is less than six inches from a urinal.  Plaintiff contends that this practice occurred three or four times a week.  When Plaintiff appealed the practice, he was retaliated against.  They took away his DMN status low bunk and moved him to building 5, second floor with an upper bunk.  On April 8, 2010, Plaintiff requested that his gold necklace be sent home, but they kept it.  They took money from his inmate account, but never sent the necklace.

Plaintiff further alleges that Correctional Counselor G. De Ochoa discriminated against Plaintiff by making him repeat the Substance Abuse Program because he was an American with a disability.  Plaintiff asserts that he had to do 168 days in a program that only asks for 90 days because he was an inmate considered "DMN."  (ECF No. 1, p. 3.)

Plaintiff alleges that Defendants Dr. O. Onyeje and Physician Assistant Peters refused to treat Plaintiff for a life threatening liver disease, Hep-C.  When Plaintiff appealed the decision, the institution changed Plaintiff's release date from June 7, 2011 to June 10, 2011.  The institution would not change the release date back even though the appeals coordinator said it should be.

As relief, Plaintiff seeks, among other things, payment for hepatitis c treatments twice a week at $250.00 per visit, an award of $850 dollars and return of his necklace.  Plaintiff also requests that the defendants seek another line of work.

**III.    Deficiencies of the Complaint**

Based on Plaintiff's various claims against multiple defendants at different institutions in contravention of Federal Rule of Civil Procedure 18, along with his failure to state cognizable claims, Plaintiff's complaint will be dismissed without prejudice and with leave to amend.  To assist Plaintiff in amending his complaint, Plaintiff is provided the applicable pleading and legal standards.

///

///

### A. Federal Rule of Civil Procedure 18

Federal Rule of Civil Procedure 18 states that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim, may join, as independent or alternative claims, as many claims, as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." George v. Smith. 507 F.3d 605, 607 (7th Cir.2007) (citing 28 U.S.C. § 1915(g) ).

Plaintiff's claims in this action are unrelated as they involve multiple incidents at different correctional facilities.  For example, Plaintiff is attempting to bring suit against Correctional Officers at CCI-Tehachapi for denial of his meals and improper sanitation, while also attempting to bring suit against medical providers at Corcoran State Prison for failure to provide treatment.  Plaintiff cannot assert unrelated claims against different defendants in a single suit.  If Plaintiff chooses to file an amended complaint, and it fails to comply with Rule 18(a), all unrelated claims will be subject to dismissal.

### B. Linkage Requirement

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law.  E.g., Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  For each defendant named, Plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant.  Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949-50; Starr v. Baca, 652 F.3d 1202, 1206-07 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under section 1983, and each defendant may only be held liable for misconduct that can be directly attributed to him or her.  Iqbal, 556 U.S. at 677, 129 S.Ct. at 1949-50; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).

In this case, Plaintiff has failed to link Warden Kathleen Allison to any alleged violation of his rights. Although Plaintiff has identified Warden Allison as a defendant, he has not included any allegations in his complaint regarding any acts or omissions by Warden Allison. As discussed below, Plaintiff will be given an opportunity to cure this deficiency.

### C. Eighth Amendment – Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). Prison officials therefore have a "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). First, a prisoner must demonstrate an objectively serious deprivation, one that amounts to the denial of "the minimal civilized measures of life's necessities." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). Second, a prisoner must also demonstrate that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733. A prison official is liable for denying an inmate humane conditions of confinement only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

#### 1. Denial of Food

Plaintiff alleges that Defendants Schmist, Rodriguez and Jenkins denied Plaintiff and other inmates meals on six occasions and certain food items on four occasions over the course of more than six weeks (47 days). To the extent that Plaintiff is attempting to assert an Eighth Amendment claim for not having received meals and certain food items, he fails to state a cognizable claim.

To state an Eighth Amendment claim for the deprivation of food, Plaintiff must allege facts showing that objectively he suffered a sufficiently serious deprivation and that subjectively each defendant had a culpable state of mind in allowing or causing Plaintiff's deprivation to occur. Wilson, 501 U.S. at 298-99. Here, the denial of six meals and the denial certain food items on four occasions over the course of more than six weeks does not constitute a sufficiently serious deprivation for purposes of the Eighth Amendment. See Foster v. Runnels, 554 F.3d 807, 814 (9th Cir. 2009) (inmate deprived of 16 meals over a 23 day period with accompanying physical effect sufficiently serious deprivation); LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993) (Eighth Amendment "requires only that prisoners receive food that is adequate to maintain health").

### 2. Sanitation of Trays

Plaintiff alleges that Defendants Schmist, Rodriguez and Jenkins washed inmate dinner trays in a toilet-area sink three or four times a week. To the extent that Plaintiff is attempting to assert an Eighth Amendment claim for being served food on trays cleaned in unsanitary conditions, he fails to state a cognizable claim. Temporary lapses in sanitary food service are not sufficiently serious to constitute an Eighth Amendment violation. See Islam v. Jackson, 782 F.Supp. 1111, 114-15 (E.D. Va. 1992) (serving meals under unsanitary conditions for thirteen days was not cruel and unusual punishment, even though inmate suffered symptoms of food poisoning); Lipsey v. Schwarzenegger, 2011 WL 2197701, at *3 (E.D. Cal. Jun. 6, 2011). Here, Plaintiff has not alleged that his meals were contaminated by the trays or even that he suffered any ill effects from the dinner trays being washed in a toilet-area sink. See Hudson v. McMillian, 503 U.S. 1, 8-10 (1992) (to state an Eighth Amendment conditions of confinement claim, the harm suffered from the alleged violation must be more than de minimis).

### D. Eighth Amendment – Deliberate Indifference to Serious Medical Needs

Plaintiff alleges that Defendants Onyeje and Peters refused to treat him for a life threatening liver disease, Hep-C. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97

S. Ct. 285, 291 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond.  Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010).  Deliberate indifference is a high legal standard.  Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference.  Farmer, 511 U.S. 825 at 837.

Plaintiff's conclusory allegation that Defendants Onyeje and Peters refused to treat him is not sufficient to state a cognizable Eighth Amendment claim.  Plaintiff's complaint lacks any factual allegations regarding the circumstances of this claim or to demonstrate that Defendants Onyeje and Peters were aware of a serious medical need and failed to respond.  Plaintiff will be given leave to cure this deficiency.

### E. Retaliation

Plaintiff alleges that defendants retaliated against him for complaining about the washing of food trays in a toilet-area sink.  Within the prison context, a viable claim of First Amendment retaliation consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline."  Barnett v.

Centoni, 31 F.3d 813, 816 (9th Cir. 1994). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Plaintiff alleges that when he appealed the practice of washing dinner trays in a toilet-area sink, "they" retaliated against him by taking away his low bunk, moving him to the second floor of a different building with an upper bunk and taking his gold necklace. (ECF No. 1, p. 3.) Plaintiff has failed to state a cognizable First Amendment retaliation claim because he has failed to identify which of the defendants allegedly retaliated against him. Plaintiff's reference to "they" is not sufficient.

Even if it can be inferred that Plaintiff intended to refer to Defendants Schmist, Rodriguez, and Jenkins, he has failed to state a cognizable claim against them for retaliation. As a practical matter, Plaintiff has failed to allege any facts indicating that these Defendants were aware of Plaintiff's protected conduct. Plaintiff also fails to establish that these Defendants were responsible for the purported adverse actions or that there were not legitimate penological interests in moving Plaintiff to another building and to another bunk. Plaintiff will be given an opportunity to cure these deficiencies.

### F.  Deprivation of Personal Property

Plaintiff challenges the loss of his gold necklace. Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir.1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n. 13, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir.1985), "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," Hudson, 468 U.S. at 533. California Law provides an adequate post-

1  deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810–895; Barnett v.
2  Centoni, 31 F.3d 813, 816-17 (9th Cir.1994).
3        Here, Plaintiff alleges that his gold necklace was taken in retaliation for submitting an
4  appeal.  Therefore, Plaintiff has alleged that the deprivation was both unauthorized and
5  intentional.  Thus, Plaintiff's post-deprivation remedy is found under California law.

      **G.  Disability Discrimination**

Plaintiff alleges that Correctional Counselor G. De Ochoa discriminated against him by making him repeat the Substance Abuse Program because he was an American with a disability. The Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir.2002). Title II of the ADA applies to state prisons and inmates. Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 210-12, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998); Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir.1997).  To state a cognizable claim under the ADA, Plaintiff must allege (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his disability. See Lovell, at 1052.  Plaintiff may sue the public entity or an employee acting in his official capacity for damages but may not sue an individual for a violation of the ADA.  Eason v. Clark County School Dist., 303 F.3d 1137, 1144-45 (9th Cir.2002) (citing Garcia v. S.U.N.Y. Health, 280 F.3d 98, 107 (2d Cir.2001)); see also Ellington v. Clark, 2010 WL 2303333, at *5 (E.D. Cal. June 7, 2010) (plaintiff cannot bring an ADA claim against prison officials in their individual capacity, as the proper defendant is the public entity responsible for the alleged discrimination).

Plaintiff may not bring suit against Defendant Ochoa, an individual, for an ADA violation.  Plaintiff fails to name the correct entity and fails to allege any facts to demonstrate that the ADA applies in this case or that the entity violated the ADA.  Thus, he has failed to state a claim under the ADA.

///

///

### H. Release Date

Plaintiff contends that his release date was extended as a form of retaliation.

In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254 . . . . Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87 (footnote omitted); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir.1996) (per curiam) ("*Heck* precludes a section 1983 claim based on actions which would render a conviction or sentence invalid where that conviction has not been reversed, expunged or called into question by issuance of a writ of habeas corpus.") (internal quotation marks and citation omitted).

Plaintiff's claim that his release date was extended improperly is a challenge to the "fact or duration of his confinement [.]" Heck, 512 U.S. at 481. Such allegations fall squarely within the category of "actions whose unlawfulness would render a conviction or sentence invalid[.]" Id. at 486. If Plaintiff prevailed on his Section 1983 claim against defendants, it "would necessarily imply the invalidity of his conviction or sentence.'" Id. at 487). Thus, to the extent Plaintiff's claim in this action implies the invalidity of his sentence, he may not pursue it in this action unless he can demonstrate that his conviction and sentence have been invalidated. Plaintiff has not so alleged.

### IV. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file a first amended complaint.

Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

       Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

       Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and
4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed with prejudice for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **August 22, 2013**            /s/ *Barbara A. McAuliffe*
                                                 UNITED STATES MAGISTRATE JUDGE