# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GIPSON,<br><br>           Plaintiff,<br><br>      v.<br><br>R. SCHMIST, et al.,<br><br>           Defendants. | 1:12-cv-00343-BAM (PC)<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND GRANTING LEAVE TO AMEND<br>(ECF No. 14)<br><br>THIRTY-DAY DEADLINE |

**Second Screening Order**

**I.     Screening Requirement and Standard**

Plaintiff William Gipson ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's first amended complaint, filed on September 11, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is former state prisoner. The events underlying this action occurred while Plaintiff was housed at Corcoran State Prison. Plaintiff names Dr. O. Onyeje, a physician, and Lansdale J. Peters, a physician assistant, as defendants in this action.

Plaintiff alleges that he entered Corcoran State Prison on November 29, 2011. On December 10, 2011, Plaintiff notified Dr. Onyeje about his chronic Hepatitis-C and requested to be treated for it. At the time, Dr. Onyeje agreed and stated it would be treated. Plaintiff complains that Dr. Onyeje "delayed and denied" the treatment that Plaintiff requested.

## III. Deficiencies of the Complaint

### A. Linkage Requirement

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. E.g., Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). For each defendant named, Plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949-50; Starr v. Baca, 652 F.3d 1202, 1206-07 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

1  There is no respondeat superior liability under section 1983, and each defendant may only be
2  held liable for misconduct that can be directly attributed to him or her.  Iqbal, 556 U.S. at 677,
3  129 S.Ct. at 1949-50; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).
4      Although Plaintiff has named Physician Assistant Peters as a defendant, he has not
5  included any allegations in his complaint regarding any acts or omissions by this defendant.  As
6  discussed below, Plaintiff will be given an opportunity to cure this deficiency.

**B.  Eighth Amendment – Deliberate Indifference to Serious Medical Needs**

8      "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an
9  inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d
10 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291
11 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious
12 medical need' by demonstrating that failure to treat a prisoner's condition could result in further
13 significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's
14 response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096; Wilhelm v. Rotman,
15 680 F.3d 1113, 1122 (9th Cir. 2012).
16     Deliberate indifference is shown where the official is aware of a serious medical need and
17 fails to adequately respond.  Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir.
18 2010).  Deliberate indifference is a high legal standard.  Simmons, 609 F.3d at 1019; Toguchi v.
19 Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  The prison official must be aware of facts from
20 which he could make an inference that "a substantial risk of serious harm exists" and he must
21 make the inference.  Farmer, 511 U.S. 825 at 837.
22     Plaintiff's allegation that Defendant Onyeje refused to provide Plaintiff with the
23 treatment that he requested is not sufficient to state a claim.  At best, Plaintiff has alleged a
24 difference of opinion regarding the appropriate course of treatment, which does not rise to the
25 level of a constitutional violation. A prisoner's mere disagreement with diagnosis or treatment
26 does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.
27 1989).  Further, Plaintiff's complaint lacks any factual allegations regarding the circumstances of
28

this claim or to demonstrate that Defendant Onyeje failed to respond to a serious medical need. Plaintiff will be given leave to cure this deficiency.

### IV. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file a first amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
4. <u>If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed with prejudice for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **October 1, 2013**         /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE