# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GIPSON,<br><br>        Plaintiff,<br><br>  v.<br><br>R. SCHMIST, et al.,<br><br>        Defendants. | 1:12-cv-00343-BAM (PC)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM AND GRANTING LEAVE TO AMEND<br>(ECF No. 14)<br><br>THIRTY-DAY DEADLINE |

### Third Screening Order

**I.      Screening Requirement and Standard**

Plaintiff William Gipson ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's second amended complaint, filed on October 30, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is former state prisoner. The events alleged in this action occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility in Corcoran, California. Plaintiff names Dr. O. Onyeje, a physician, and Lansdale J. Peters, a physician assistant, as defendants in this action.

Plaintiff alleges as follows: On November 29, 2011, Plaintiff was transferred to Corcoran State Prison.

On December 10, 2011, Plaintiff saw Dr. Onyeje for his chronic Hepatitis-C and requested to be treated for it. At the time, Dr. Onyeje agreed and stated Plaintiff would be treated, but he needed to send Plaintiff to get an ultrasound and blood work.

On December 29, 2011, Plaintiff was moved to the F-yard where they did not have a doctor, only a physician's assistant, Lansdale J. Peters.

Plaintiff complains that Dr. Onyeje and Physician Assistant Lansdale Peters "delayed and denied [him] treatment requested." (ECF No. 16, p. 2.)

In March 2012, Plaintiff was sent out for tests and blood work.

///

### III. Deficiencies of the Complaint

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is sparse and does not clearly set forth the factual allegations underlying his claims. In particular, his allegations are conclusory and fail to describe specific actions by defendants. Plaintiff cannot merely state that defendants were deliberately indifferent to a serious medical need without setting forth the facts of his claim. If Plaintiff elects to amend his complaint, he must set forth factual allegations against each defendant sufficient to state a claim.

#### B. Eighth Amendment – Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). Deliberate indifference is a high legal standard. Simmons, 609 F.3d at 1019; Toguchi v.

Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference.  Farmer, 511 U.S. 825 at 837.

As the Court instructed Plaintiff in its prior screening order, his allegation that defendants denied him the "treatment requested" is not sufficient to state a claim.  At best, Plaintiff has alleged a disagreement regarding the appropriate course of treatment, which does not rise to the level of a constitutional violation. A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Further, Plaintiff's complaint lacks any factual allegations regarding the circumstances of this claim or to demonstrate that Defendants failed to respond to a serious medical need.  Plaintiff will be given a final opportunity to amend this claim.

### IV.    Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file a third amended complaint.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.  Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's third amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint; and
4. <u>If Plaintiff fails to file a third amended complaint in compliance with this order, this action will be dismissed with prejudice for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **November 1, 2013**                       /s/ *Barbara A. McAuliffe*
                                                            UNITED STATES MAGISTRATE JUDGE